T.C. Summary Opinion 2003-45


UNITED STATES TAX COURT



NICK ALLAN PALERMINO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6781-01S.                Filed April 28, 2003.


Nick Allan Palermino, pro se.

<u>James J. Posedel</u>, for respondent.



POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,568 in petitioner's

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

1998 Federal income tax.  The issue is whether a distribution from petitioner's retirement plan is includable in petitioner's gross income.[2]  Petitioner resided in San Diego, California, at the time the petition was filed.

### Background

From 1992 to 1999, petitioner was employed as a buyer for Smith & Nephew, Inc.  Smith & Nephew established a retirement plan for its employees, which the parties stipulate qualifies as a section 401(k) plan.  Fidelity Investments Institutional Operations Co., Inc. (Fidelity), provided administrative record-keeping services for petitioner's retirement plan.  Between 1993 and 1996, petitioner contributed elective tax-deferred amounts--specifically, $5,520 in matched contributions and $1,692 in unmatched contributions.

On May 15, 1998, respondent served a levy on Fidelity for unpaid taxes and statutory additions of $5,582.03 for the taxable year 1996 and sent petitioner a "Taxpayer's Copy of Notice of Levy".  Fidelity complied with the levy and distributed $5,582.03 from petitioner's retirement plan to respondent on June 19, 1998.

---

[2]  Respondent did not assess the 10-percent addition to tax for early withdrawals from qualified retirement plans.  See sec. 72(t)(1) and (2)(A).  For distributions made on account of a levy under sec. 6331 before Dec. 31, 1999, the Commissioner acquiesced following this Court's decision in Murillo v. Commissioner, T.C. Memo. 1998-13, affd. without published opinion 166 F.3d 1201 (2d Cir. 1998), and no longer assesses the 10-percent addition to tax under sec. 72(t).  See also Larotonda v. Commissioner, 89 T.C. 287 (1987).

Petitioner did not include the $5,582 distribution as income on his 1998 Form 1040EZ. In the notice of deficiency, respondent determined that the $5,582 distribution was includable in petitioner's 1998 gross income.

## Discussion

For a retirement plan to qualify under section 401(k), amounts held by the plan which are "attributable to employer contributions made pursuant to the employee's election"[3] are not distributable earlier than "separation from service, death, or disability, * * * the attainment of age 59½, or * * * hardship of the employee". Sec. 401(k)(2)(B)(i). If a distribution to the employee is made, the amount actually distributed "shall be taxable to the distributee, in the taxable year of the distributee in which distributed, under section 72". Sec. 402(a).

Respondent levied on petitioner's section 401(k) account, and the compliance with the levy constituted a distribution, albeit involuntary, from that account to the benefit of petitioner. See Larotonda v. Commissioner, 89 T.C. 287 (1987).

Preretirement distributions from a qualified retirement plan are treated as nonannuity distributions. See sec. 72(e)(1). If

---

[3]  For purposes of sec. 401(k), "elective contributions * * * are treated as employer contributions." Sec. 1.401(k)-1(a)(4)(ii), Income Tax Regs.

the distribution is received before retirement, only amounts allocable to the "investment in the contract" are excludable from gross income. Sec. 72(e)(2)(B), (8)(A).

The employee's "investment in the contract" includes amounts contributed by the employer, "but only to the extent that * * * such amounts were includible in the gross income of the employee". Sec. 72(f). For purposes of a section 401(k) plan, "elective contributions * * * are neither includible in an employee's gross income at the time the cash or other taxable amounts would have been includible in the employee's gross income (but for the * * * [section 401(k) plan]), nor at the time the elective contributions are contributed to the plan." Sec. 1.401(k)-1(a)(4)(iii), Income Tax Regs.; see also sec. 1.402(a)-1(d)(2), Income Tax Regs.

Petitioner's entire balance in the retirement plan constituted elective contributions, and the distribution from petitioner's retirement plan occurred before his separation from service, death, or disability and before he reached the age of 59½. As a result, the contributions were not included in petitioner's gross income at the time of contribution, and petitioner has no "investment in the contract" which may be excluded from his gross income. In short, petitioner contributed to the retirement plan a portion of his salary that was not taxed at the time of contribution; the retirement plan cannot later

distribute the untaxed cash contributions without petitioner's being subject to the income tax.  Accordingly, respondent's determination is sustained, and we hold that the entire amount of the distribution from petitioner's retirement plan is includable in his gross income.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>